Ryan L. McBride, Esq. (16218 UT)
ryan@kazlg.com
KAZEROUNI LAW GROUP, APC
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Theron D. Morrison, Esq. (10331 UT)
theron@morlg.com
MORRISON LAW GROUP
290 25th Street, Suite #102
Ogden, Utah 84401
Telephone: (801) 392-9324
Facsimile: (801) 337-2087

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| **DOROTHY FREEMAN,**<br><br>Plaintiff,<br><br>v.<br><br>**TRANS UNION, LLC, and JPMORGAN CHASE BANK, N.A.,**<br><br>Defendants. | **COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681, ET SEQ.**<br><br>**Case No.:** 1:20-cv-00025-DBP<br><br>**Magistrate Judge:** Dustin B. Pead<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued

functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. DOROTHY FREEMAN ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of TRANS UNION, LLC ("Trans Union"), JPMORGAN CHASE BANK, N.A. ("Chase") (or jointly as "Defendants") with regard to erroneous reports of derogatory and negative credit information made by Defendants to national reporting agencies, and for failure of Defendants to properly investigate, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in the County of Weber, State of Utah.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs,

successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

8. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").
9. Venue is proper for the following reasons: (i) Plaintiff resides in the County of Weber, State of Utah which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

10. Plaintiff is a natural person residing in the County of Weber, State of Utah. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).
11. Defendant Trans Union is a limited liability company doing business in the State of Utah.
12. Defendant Chase is a bank doing business in the State of Utah.
13. Defendant Chase is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.
14. Defendant Trans Union is a national credit reporting agency, doing business in Utah, with a principal place of business in Illinois.

## GENERAL ALLEGATIONS

15. At all times relevant, Plaintiff was an individual residing within the State of Utah.
16. At all times relevant, Defendants conducted business in the State of Utah.
17. Plaintiff opened two credit card accounts with Chase (the "Accounts").

18. Prior to January 29, 2019, Plaintiff opened an account no. 418550XXXX with Chase ("Account 1").
19. Prior to January 29, 2019, Plaintiff opened an account no. 418587XXXX with Chase ("Account 2").
20. On or about January 29, 2019, Plaintiff filed for a Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Utah in order to obtain a fresh start and rebuild her credit. Plaintiff's case was assigned Case Number 19-20497 (the "Bankruptcy").
21. The Accounts were scheduled in the Bankruptcy and Defendant Chase received notice of the Bankruptcy.
22. On or about May 22, 2019, Plaintiff received a Chapter 7 Bankruptcy discharge.
23. Defendant Chase filed no proceedings to declare the Accounts "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.
24. Defendant Chase also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq*. while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff personally for any of the underlying debts on the Accounts.
25. Defendant Chase was listed in the schedule of creditors and received notice of the discharge order, discharging all debts on the Accounts due and owning.
26. Accordingly, all debts on the Accounts were discharged through the Bankruptcy.
27. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal for Defendant Chase to report any post-Bankruptcy derogatory collection information.
28. Defendant Chase's attempt to collect the debts on the Accounts by reporting post-Bankruptcy derogatory information was therefore false or inaccurate and prohibited by the automatic stay and/or discharge order.

29. Plaintiff subsequently learned that Defendants reported post-Bankruptcy derogatory credit information regarding the debts on Plaintiff's credit reports, thereby causing erroneous, inaccurate, and negative credit information in Plaintiff's credit files.

30. The continued reporting of erroneous, inaccurate, and derogatory information negatively impacted Plaintiff's credit and "fresh start".

**Trans Union and Chase Reported Inaccurate and Derogatory Information**
**Account 1**

31. In a Trans Union credit report dated July 26, 2019, Chase and Trans Union reported the following inaccurate and derogatory information on Account 1:

    - Pay Status: Charged Off
    - Original Charge Off: $1,773
    - Remarks: Unpaid Balance Charged Off

32. Trans Union and Chase should not have reported derogatory information on Account 1 after January 29, 2019, because Plaintiff had filed for Bankruptcy on January 29, 2019.

33. Trans Union and Chase especially should not have reported derogatory information on Account 1 after May 22, 2019 because Account 1 was discharged in Plaintiff's chapter 7 bankruptcy on that date.

34. On or about November 7, 2019, Plaintiff disputed the inaccurate and derogatory information on Account 1 pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Trans Union, in writing, of the incorrect and inaccurate credit information furnished by Chase.

35. Specifically, Plaintiff sent a letter, certified, return receipt, to Trans Union disputing the above inaccurate and incorrect derogatory information and requesting it be corrected and removed as follows:

- This account was included in my bankruptcy which was filed on 1/29/2019 and discharged on 05/22/2019, bearing case number 19-20497 in the District for Utah.

- The status of this account is currently being reported as "Charge Off" when this was discharged in my bankruptcy.

- You are currently reporting this account with a balance of $1,773 as the charge off amount when this is a discharged debt.

- Immediately correct this account and the disputed derogatory information from my credit report.

- The discharged debt should be reported with a status of "included in bankruptcy" and balance of $0.

- There should not be should be no amount listed as past due or charge off amount since this is a discharged debt.

- If you do not immediately correct this account on my credit report please include a 100-word statement on my credit report of all the disputed information contained in this letter regarding this account.

## Trans Union and Chase Reported Inaccurate and Derogatory Information
## Account 2

36. In a Trans Union credit report dated July 26, 2019, Chase and Trans Union reported the following inaccurate and derogatory information on Account 2:

- Status: Charge off
- Balance: $7,431
- Past Due: $7,431
- Charge off: $7,431

- Remarks: Unpaid Balance Charged Off

37. Trans Union and Chase should not have reported derogatory information on Account 2 after January 29, 2019, because Plaintiff had filed for Bankruptcy on January 29, 2019.
38. Trans Union and Chase especially should not have reported derogatory information on Account 2 after May 22, 2019 because Account 2 was discharged in Plaintiff's chapter 7 bankruptcy on that date.
39. On or about November 7, 2019, Plaintiff disputed the inaccurate and derogatory information on Account 2 pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Trans Union, in writing, of the incorrect and inaccurate credit information furnished by Chase.
40. Specifically, Plaintiff sent a letter, certified, return receipt, to Trans Union, disputing and requesting the above inaccurate and incorrect derogatory information be removed and corrected as follows:

- This account was included in my bankruptcy which was filed on 1/29/2019 and discharged on 05/22/2019, bearing case number 19-20497 in the District for Utah.

- The status of this account is currently being reported as "Charge Off" when this was discharged in my bankruptcy.
- You are currently reporting this account with a balance of $7,431, $7,431 past due, and $7,431 as the charge off amount when this is a discharged debt.

- Immediately correct this account and the disputed derogatory information from my credit report.

- The discharged debt should be reported with a status of "included in bankruptcy" and balance of $0.

7

- There should be no amount listed as past due or charge off amount since this is a discharged debt.

- If you do not immediately correct this account on my credit report please include a 100-word statement on my credit report of all the disputed information contained in this letter regarding this account.

### **Defendants' Continued Inaccurate and Derogatory Reporting**

41. Upon information and belief, Trans Union timely notified Chase of Plaintiff's dispute, but Defendants continued reporting the inaccurate and derogatory information.

42. Defendants were required to conduct a reinvestigation into the Accounts on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

43. On or about November 20, 2019, Plaintiff received notification from Trans Union that Defendant Chase had received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6).

44. After receiving notice of Plaintiff's dispute, Defendants republished the inaccurate and derogatory information on the Accounts.

45. Rather than updating Plaintiff's Accounts to show included in bankruptcy, Defendants retained the inaccurate and derogatory information and then republished the inaccurate and derogatory information on Plaintiff's report.

46. According to Trans Union's "Glossary of Credit Terms" pertaining to credit reports, "Status" is defined as "the current status or state of the account."

47. Reporting the status of the Accounts as unpaid and as each having a past due balance after May 22, 2019 is inaccurate because the Accounts were discharged in bankruptcy on May 22, 2019.

48. Since Plaintiff's dispute, by reporting the current status of the Accounts as currently being reported and by failing to identify the current status as

"included in bankruptcy," Defendants have been intentionally and willfully reporting and republishing inaccurate and derogatory post-bankruptcy discharge information.

49. Plaintiff is informed and believes that her credit score is taking a "double-hit", once for her bankruptcy, and once again for the negative status reported on the Accounts.

50. Additionally, Defendants' reporting of a balance and a past due balances on the Accounts is incorrect as the Accounts was discharged in bankruptcy and there thus is no current balance due and owning on the Accounts.

51. Plaintiff is informed and believes and thereon alleges that during the investigation of Plaintiff's dispute, prior to Defendant Chase responding and verifying the disputed information to the credit reporting agencies, Defendant Chase failed to check Plaintiff's bankruptcy filings to ensure the Accounts were included in bankruptcy, ensuring correct reporting on the Accounts.

52. Plaintiff is informed and believes and here upon alleges that during the investigation of Plaintiff's dispute, prior to Defendant Trans Union responding and verifying the disputed information to Plaintiff, Trans Union failed to check Plaintiff's bankruptcy filings to ensure the Accounts were included in the Bankruptcy to aid in reporting the correct status of Plaintiff's Accounts.

53. Plaintiff is informed and believes and here upon alleges that during the investigation of Plaintiff's dispute, prior to Defendant Chase responding and verifying the incorrect information to the credit reporting agencies, Defendant Chase failed to communicate with Trans Union to aid in reporting the correct status of Plaintiff's Accounts.

54. Plaintiff is informed and believes and here upon alleges that during the investigation of Plaintiff's dispute, prior to Defendant Trans Union responding and verifying the incorrect information to Plaintiff, Defendant

Trans Union failed to communicate with Defendant Chase to aid in reporting the correct status of Plaintiff's Accounts.

55. Defendants further failed to contact Plaintiff and request additional information from Plaintiff that would aid in reporting the correct status of Plaintiff's Accounts.

56. Therefore, Defendants, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681s-2(b)(1)(A).

57. Defendants failed to review all relevant information provided by Plaintiff in the dispute to Trans Union, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

58. Due to Defendants failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate and derogatory information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

59. Plaintiff's continued efforts to correct Defendants' erroneous and negative information by disputing the reporting on the Accounts with Defendants were futile.

60. Defendants' continued inaccurate and negative reporting on the Accounts in light of its knowledge of the actual errors was willful.

61. Defendants' inaccurate and negative reporting damaged Plaintiff's creditworthiness.

62. Defendants' inaccurate and negative reporting caused Plaintiff emotional distress.

63. By inaccurately reporting account information on the Accounts after notice and confirmation of its errors, Defendants failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 ET SEQ. (FCRA)

64. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
65. The foregoing acts and omissions of each Defendant constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.
66. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.
67. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

## CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 ET SEQ. (FCRA)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and
- any other relief the Court may deem just and proper.

### TRIAL BY JURY

68. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 27, 2020                                              Respectfully submitted,

                                                                      BY: /s/ RYAN MCBRIDE
                                                                      RYAN MCBRIDE, ESQ.
                                                                      ATTORNEY FOR PLAINTIFF